IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

EQUAL EMPLOYMENT OPPORTUNITY  )
COMMISSION,                   )
                              )
                Plaintiff,    )        CIVIL ACTION NO.  3-15-cv-727-DJH
        v.                    )
                              )        COMPLAINT
ZOO PRINTING, INC.,           )
                              )        JURY TRIAL DEMAND
                Defendant.    )
_____)

This is an action under Title I and Title V of the Americans with Disabilities Act of 1990,

as amended ("ADA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and Title I of the

Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and

retaliation, and to provide appropriate relief to John Doe and John Roe who were adversely

affected by such practices.

As alleged with greater particularity in paragraphs 15-39 below, the Equal Employment

Opportunity Commission ("the "Commission") alleges Zoo Printing, Inc. terminated John Doe

("Doe") and John Roe ("Roe") because of their impairment, Human Immunodeficiency Virus, in

violation of the ADA. The Commission further alleges Zoo Printing, Inc. violated the ADA and

Title VII when it terminated Roe in retaliation for opposing its refusal to hire female or disabled

applicants, and its discriminatory termination of Doe.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the

Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12117(a), which incorporates

by reference Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5,

Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Kentucky.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I and Title V of the ADA and Title VII and is expressly authorized to bring this action by Section 107(a) and Section 503(c) of the ADA, 42 U.S.C. § 12117(a) and § 12203(c), which incorporates by reference Section 706 of Title VII, 42 U.S.C. § 2000e-5, and Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant Zoo Printing, Inc. ("Defendant Employer"), a California corporation, has continuously been and is now doing business in the State of Kentucky and the City of Louisville, and has continuously had more than 15 employees.

5.      At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7), and Sections 701 (b), (g) and (h) of Title VII, 42 U.S.C. § 2000-e(b), (g) and (h).

6.      At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7.      More than 30 days prior to the institution of this lawsuit, Doe filed a charge 474-2013-00722 with the Commission alleging violations of the ADA by Defendant Employer.

8.      More than 30 days prior to the institution of this lawsuit, Roe filed a charge 474-2013-00629 with the Commission alleging violations of the ADA and Title VII by Defendant Employer.

9.      On April 16, 2015, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that the ADA was violated in regard to Doe and inviting Defendant Employer to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

10.     On April 16, 2015, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that the ADA and Title VII were violated in regard to Roe and inviting Defendant Employer to join with the Commission in informal methods of conciliation to eliminate the discriminatory practices and provide appropriate relief.

11.     Between April 22, 2015 and July 16, 2015, the Commission engaged in communications with Defendant Employer to provide the opportunity to remedy the discriminatory practices described in the Letters of Determination referenced above in paragraphs 9 and 10.

12.     The Commission was unable to secure from Defendant Employer a conciliation agreement on either charge referenced above in paragraphs 7 and 8 that was acceptable to the Commission.

13.     On July 16, 2015, the Commission issued to Defendant Employer Notices of Failure of Conciliation on each charge referenced above in paragraphs 7 and 8.

14.     All conditions precedent to the initiation of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

### Discharge of John Doe

15.    In February 2013, Defendant Employer engaged in unlawful employment practices at its Louisville, Kentucky facility, in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a), by discharging Doe because of his disability.

16.    Doe has Human Immunodeficiency Virus ("HIV"), a physical impairment that substantially limits him in having a functioning immune system.

17.    In January 2013, Doe was hired as a third shift Boxer.

18.    At all relevant times, Doe was a qualified individual within the meaning of the ADA and could perform all essential functions of his job as a Boxer at Defendant Employer's Louisville, Kentucky facility.

19.    Soon after hire, Doe asked Human Resources Manager Bill Rolling ("Rolling") if he could move to third shift because of upcoming daytime appointments he could not miss.

20.    Rolling asked about the purpose of the appointments and Doe revealed to Rolling that the appointments were for HIV treatment.

21.    While Doe was employed by Defendant Employer, Rolling told Human Resources Assistant Roe that Doe is HIV-positive and Rolling expressed his disgust as to Doe's HIV status.

22.    While Doe was employed by Defendant Employer, General Manager Ark Andoun ("Andoun") told third shift supervisor Arash Golgiri ("Golgiri") that Doe is HIV-positive and he would get rid of Doe.

23.    On or around February 10, 2013, Defendant Employer fired Doe.

**Discharge of John Roe**

24.     In March 2013, Defendant Employer engaged in unlawful employment practices at its Louisville, Kentucky facility in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. §12112(a), by discharging Roe because of his disability.

25.     In March 2013, Defendant Employer engaged in unlawful employment practices at its Louisville, Kentucky facility, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) by discharging Roe because he opposed Defendant Employer's discriminatory refusal to hire females.

26.     In March 2013, Defendant Employer engaged in unlawful employment practices at its Louisville, Kentucky facility, in violation of  Section 503(a) of Title V of the ADA, 42 U.S.C. § 12203(a) by discharging Roe because he opposed Defendant Employer's discriminatory refusal to hire disabled applicants.

27.     Roe has Human Immunodeficiency Virus ("HIV"), a physical impairment that substantially limits him in having a functioning immune system.

28.     At all relevant times, Roe was a qualified individual within the meaning of the ADA and could perform all essential functions of his job as a Human Resources Assistant at Defendant Employer's Louisville, Kentucky facility.

29.     On or around December 4, 2012, Roe was hired as a Human Resources Assistant.

30.     Early in Roe's employment, Andoun told him the facility did not hire women and that women do not perform well in Defendant Employer's work environment.

31.     In February 2013, Rolling told Roe Defendant Employer would not hire an applicant who had interviewed for a janitor position because the applicant had been treated for cancer.

32.     In February 2013, following the discharge of Doe, Roe told Andoun that he was concerned the facility did not hire women and that there was discrimination occurring against those with disabilities.

33.     On or around March 6, 2013, Roe submitted insurance enrollment paperwork to Rolling which revealed he was undergoing HIV treatment and which listed his specific HIV medications.

34.     On or around March 21, 2013, Defendant Employer terminated Roe.

35.     In or around July 2013, Andoun told Golgiri that he had terminated "John Roe" because of his HIV status.

36.     The effect of the practices complained of in paragraphs 15 through 35 has been to deprive Doe and Roe of equal employment opportunities, and otherwise adversely affect their status as employees because of disability.

37.     The effect of the practices complained of in paragraphs 24 through 35 has been to deprive Roe of equal employment opportunities, and otherwise adversely affect his status as an employee because he opposed Defendant Employer's discriminatory refusal to hire female applicants and disabled applicants.

38.     The unlawful employment practices complained of in paragraphs 15 through 35 were intentional.

39.     The unlawful employment practices complained of in paragraphs 15 through 35 were done with malice or with reckless indifference to the federally protected rights of Doe and Roe.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant Employer its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from any employment practice which discriminates on the basis of disability or gender.

B.      Grant a permanent injunction enjoining Defendant Employer its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from any employment practice which discriminates on the basis of opposition to discrimination.

C.      Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities and all individuals regardless of gender, and which eradicate the effects of its past and present unlawful employment practices.

D.      Order Defendant Employer to make whole Doe and Roe by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement, or award front pay in amounts to be proven at trial if reinstatement is impractical.

E.      Order Defendant Employer to make whole Doe and Roe by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

F.      Order Defendant Employer to make whole Doe and Roe by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment

practices described above, including emotional distress, loss of enjoyment of life, loss of self-esteem, embarrassment, anxiety and inconvenience, in amounts to be determined at trial.

G.      Order Defendant Employer to pay Doe and Roe punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

H.      Grant such further relief as the Court deems necessary and proper.

I.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

P. DAVID LOPEZ
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Washington, D.C.

Of Counsel

LAURIE A. YOUNG
Regional Attorney

MICHELLE EISELE
Supervisory Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Indianapolis District Office

s/ Aimee L. McFerren
AIMEE L. MCFERREN
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Louisville Area Office
600 Dr. Martin Luther King, Jr., Place,
Suite 268
Louisville, Kentucky 40202
(502) 582.6308 (Direct Dial)
(502) 582.5435 (Facsimile)
E-mail: aimee.mcferren@eeoc.gov